**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
-----------------------------------------------------------X
JANE ROE,

                              Plaintiff,

   -against-

JOHN A. JOHNSON, Commissioner
of the New York State Office of Children
and Family Services, et al.,

                             Defendants.
-----------------------------------------------------------X

**SUMMARY ORDER**

07-CV-2143 (RJD) (RER)

**RAMON E. REYES, JR., U.S.M.J.:**

    Before the Court is plaintiff's motion for reconsideration of the Court's July 23, 2010 summary order on the supervisory defendants' motion for a protective order as to various deposition notices and subpoenas for the production of documents. (Docket No. 108.) Specifically, plaintiff challenges the Court's ruling sustaining the supervisory defendants' "specific objection to the "Supervision Notice" – that the deposition be limited to supervision of OCFS Youth Division Aides and Youth Division Counselors (Docket No. 98 at 8) – as plaintiff's opposition appears to be silent on this issue." Plaintiff contends that the Court overlooked that aspect of her opposition letter that "specifically opposed this proposed limitation." I disagree, and therefore the motion is denied.

    In seeking reconsideration, plaintiff relies on the following excerpt of her opposition letter, which appears after the heading "Testimony About OCFS Investigation Policies and Procedures Is Relevant":

> Because Plaintiff was allegedly sexually assaulted by her YDA and YDC, the
> Attorney General asks this Court to prevent her from seeking testimony related to
> Investigators, the Internal Affairs Bureau ("IAB"), and the Special Investigations

Unit. (Motion at 7-9.) This argument again misses the central thrust of Plaintiff's claims. Discovery of OCFS **polices and procedures related to training, hiring, screening, and supervising Investigators** [the Supervision Notice], **and policies and procedures related to conducting investigations**[the Investigations Notice], is reasonably likely to lead to information that is probative of whether the Supervisory Defendants had notice of the risks to Plaintiff's safety and whether they condoned or disregarded policies that increased those risks. For example, testimony that the Supervisory Defendants deliberately ignored OCFS policies for conducting investigations of sexual abuse allegations would be probative of Plaintiff's claims. Serious and exhaustive investigations into juvenile complaints would likely deter employee misconduct. Testimony that the Supervisory Defendants undermined investigations or condoned shoddy investigations would help to establish that the Supervisory Defendants increased risks to Plaintiff's safety.

Documents produced to Plaintiff in the court of this action demonstrate the need for testimony about investigations. For instance, on September 24, 2002, IAB generated an intake report documenting allegations that defendant Kimble made sexual comments to a resident juvenile and fondled her breasts. (Exhibit F, annexed hereto (SD 07039-SD 07041).) The juvenile reported to IAB that, immediately after the incident, she ran crying to another YDA whose log notes from that day corroborated her complaint. (Ex. F, *compare* SD 07041 *with* SD 07075 at entry 3086 (log notes indicating that soon after alleged incident YDA saw resident "sobbing uncontrollably.").) Despite this evidence, the investigator concluded that there was no credible evidence to substantiate the complaint. (Ex. F, SD 07043-SD 0747.) The investigator's conclusion was based in part on an interview of facility director Gail Branch-Muhammad (who has been named as an additional supervisory defendant in the Amended Complaint filed today pursuant to Judge Raymond J. Dearie's June 30, 2010 order, Docket Entry 96). (Ex. F, SD 07047.) Ms. Branch-Muhammad reportedly undermined the resident's credibility to the investigator and suggested reasons for the juvenile to fabricate the allegation. (*Id*.) Less than four months later, Kimble sexually assaulted Plaintiff. Testimony about what would have been proper OCFS procedure in such a situation is directly relevant to Plaintiff's claims.

**Plaintiff is therefore entitled to depose witnesses on OCFS policies and procedures related to hiring, training, and supervising Investigators** [the Supervision Notice], **and conducting IAB and SIU investigations** [the Investigations Notice].

(Docket No. 108 at 2-3) (emphasis in original). Although the emphasized portions of the excerpt mention in passing policies and procedures related to *supervision of investigators*, the discussion

2

does not show how such information is relevant to plaintiff's claims.  Indeed, the entirety of the discussion centers on why testimony related to the investigations themselves is relevant – *e.g.,* "[f]or example, testimony that the Supervisory Defendants deliberately ignored OCFS policies *for conducting investigations* of sexual abuse allegations would be probative of Plaintiff's claims"; "[d]ocuments produced to Plaintiff in the course of this action demonstrate the need for *testimony about investigations*."  (*Id.*) (emphasis added).  Aside from plaintiff's conclusory assertion that information related to the supervision of investigators is relevant to her claims, I cannot fathom how it is.  Thus, I previously ruled that plaintiff's opposition was silent on this issue.  Nothing in the instant motion changes that conclusion.  Accordingly, reconsideration is denied.

Nevertheless, the supervisory defendants would be well-advised to permit plaintiff's counsel to elicit limited testimony on the supervision of investigators.  It seems to me that more time has been spent, and will be spent, arguing about the issue than would be spent answering such questions at one of the upcoming Rule 30(b)(6) depositions.

**SO ORDERED.**

**Dated: July 30, 2010**
**Brooklyn, New York**

_Ramon E. Reyes, Jr._
**RAMON E. REYES, JR.**
**UNITED STATES MAGISTRATE JUDGE**