UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------X
JANE ROE,

                     Plaintiff,

    -against-                       **ORDER**
                              07 CV 2143 (RJD) (RER)

JOHN A. JOHNSON, Commissioner of the
New York State Office of Children and
Family Services, et al.,

                     Defendants.
----------------------------------------------------X

DEARIE, District Judge.

      By Order dated May 17, 2011, this Court referred the motion to dismiss plaintiff's

Second Amended Complaint by defendants Gail Branch-Muhammad and Theresa Rodgers to

Magistrate Judge Ramon E. Reyes, Jr. for Report and Recommendation pursuant to 28 U.S.C. §

636.  By Report submitted August 12, 2011, Magistrate Judge Reyes recommended that

defendants' motion to dismiss be denied.  On August 26, 2011, defendants filed objections only

to the recommendation that the motion to dismiss be denied with respect to Rodgers, and

plaintiff filed a response on October 12, 2011.

      Upon its de novo review, the Court adopts Magistrate Judge Reyes's Report and

Recommendation in its entirety.  The Court writes only to note that Curry v. Campbell, 2012 WL

1004894 (E.D.N.Y. March 23, 2012), a recently decided case in this district, provides additional

support for Magistrate Judge Reyes's reasoning regarding constructive notice.  In Curry, plaintiff

alleged that three named defendant officers subjected him to excessive force when he was

arrested.  Through the deposition testimony of the defendants and several non-party witnesses,

plaintiff Curry learned that a sergeant was in command of the scene from the time of plaintiff's

arrest to the time he was taken away by ambulance.  In deciding plaintiff's motion to amend the

complaint to add the sergeant, the court concluded that the sergeant had constructive notice of the

action through counsel such that he would not be prejudiced in mounting a defense, satisfying the

second condition for relation back under Rule 15(c). Specifically, the court found that counsel,

from reviewing the radio transmissions produced to plaintiff within the Rule 4(m) service period,

knew or should have known that the sergeant was present and supervising the officers at the time

of the incident. The court concluded that:

> even though [the sergeant] was not named in the Complaint, and
> even though the Complaint did not suggest on its face that other
> individuals may have been involved in the alleged incident, based
> upon investigations undertaken as part of its representation of
> defendants, their attorney had a reasonable basis to know of [the
> seargeant's] involvement. Thus, [the sergeant] had constructive
> notice of the action such that he would "not be prejudiced in
> defending on the merits." See Fed. R. Civ. P. 15(c)(1)(C)(i).

Curry, 2012 WL 1004894, *5.

Nevertheless, the Curry court denied plaintiff's motion to amend. Applying Krupski v.

Costa Crociere S.p.A., 130 S.Ct. 2485 (2010), the court concluded that the third condition

required for relation back under Rule 15(c) was not met because the sergeant did not know, and

should not have known, that he would have been named as a defendant but for a mistake

concerning his identity. In Curry, however, the complaint was brought only against the three

officers who allegedly beat plaintiff. In the case before this Court, in contrast, the specific

allegations in the complaint make it clear that plaintiff sought to name the supervisors

responsible for the employees who allegedly sexually assaulted and raped her in addition to the

assaulting employees themselves. Thus, as Magistrate Judge Reyes found, the Attorney

General's Office should have known that Rogers would have been named in the complaint but

for plaintiff's mistake as to who supervised Kingsley. (Report at 13.)

For the reasons set forth in Magistrate Judge Reyes's Report and Recommendation and above, defendants' motion to dismiss is denied.

SO ORDERED.

Dated: Brooklyn, New York
      July 3, 2012

                                   s/ Judge Raymond J. Dearie

                                   RAYMOND J. DEARIE
                                   United States District Judge

3